UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD RAMOS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and DOES 1–10,<br><br>　　　　　　　　　Defendants. | Case No.: 23-cv-0757-L-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 3]** |

Pending before the Court is Defendant Wells Fargo, N.A.'s ("Defendant") motion to dismiss the complaint. (ECF No. 3.) Plaintiff Ronald Ramos ("Plaintiff") opposed, (ECF No. 4), and Defendant replied, (ECF No. 5). The Court decides the matter on the papers submitted without oral argument. *See* Civ. L.R. 7.1(d.1). For the reasons stated below, Defendant's motion to dismiss is granted in part and denied in part.

**I.    INTRODUCTION**

According to the allegations in the complaint, Plaintiff maintained a savings account with Defendant. (ECF No. 1, Compl., at 3.) Due to Defendant's failure to properly maintain Plaintiff's personal information, unknown individuals accessed Plaintiff's account and withdrew funds totaling $22,500.00 via Zelle without Plaintiff's knowledge, authorization, or permission. (*Id.*) Plaintiff immediately disputed the

transactions on the phone and in person at a branch. (*Id.* at 4.) Plaintiff complains that Defendant did not conduct a reasonable investigation into Plaintiff's disputes nor did Defendant refund the withdrawn amount. (*Id.*) As a result of Defendant's actions Plaintiff has suffered emotional distress and actual damages. (*Id.*)

Plaintiff now brings five claims: (1) violation of the California Consumer Records Act ("CCRA"), Cal. Civ. Code §§ 1798.80–1798.84; (2) violation of the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code §§ 1798.100–1798.199.100; (3) negligence; (4) violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693–1693r; and (5) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210. (*See generally id.*) Defendant moves to dismiss Plaintiff's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See*

*Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### III.  DISCUSSION

#### A.  First Cause of Action—Violation of the CCRA

Plaintiff alleges Defendant violated the CCRA under section 1798.81.5(b) of the California Civil Code by failing to implement reasonable measures to protect Plaintiff's personal data.  (ECF No. 1, at 4.)  Financial institutions, as defined in section 4052 of the California Financial Code, are exempt from liability under section 1798.81.5(b).  *See* Cal. Civ. Code § 1798.81.5(e)(2). "Financial institution" means any institution engaged in financial activities that include "[l]ending, exchanging, transferring, investing for others, or safeguarding money or securities."  12 U.S.C. § 1843(k); Cal. Fin. Code § 4052(c).  This case arises out of Defendant's "safeguarding [of] money," making Defendant a financial institution for purposes of the CCRA.  Therefore, Defendant falls under the exemption and Plaintiff's CCRA cause of action cannot rest on a violation of section 1798.81.5(b).

Plaintiff also alleges that Defendant violated the CCRA under section 1798.82 of the California Civil Code by failing to timely notify Plaintiff of the account breach.  (ECF No. 1, at 5.)  Section 1798.82 requires a business "that owns or licenses computerized data that includes personal information [to] disclose a breach of the security of the system following discovery or notification of the breach . . . without unreasonable delay." Cal. Civ. Code § 1798.82(a).  Plaintiff does not allege when Defendant discovered or was notified of an alleged breach.  Without stating these facts, Plaintiff cannot allege that Defendant delayed notification, let alone delayed unreasonably.  Accordingly, Defendant's motion to dismiss Plaintiff's claim for violation of section 1798.82 is granted with leave to amend.  *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) ("Leave to amend should be granted unless the district court determines

that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted)).

### B.  Second Cause of Action—Violation of the CCPA

The CCPA allows "[a]ny consumer whose nonencrypted and nonredacted personal information . . . is subject to an unauthorized access and exfiltration . . . as a result of the business's violation of the duty to implement and maintain reasonable security procedures" to bring a civil action.  Cal. Civ. Code § 1798.150(a)(1).

Plaintiff claims Defendant violated the CCPA by "breach[ing] its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of Plaintiff's personal information."  (ECF No. 1, at 5.)  Plaintiff allegedly suffered "unauthorized access and disclosure of his personal information" and was "injured and lost money and privacy interests" as a result.  (*Id.*)

Defendant argues that under section 1798.82(a) of the California Civil Code, Plaintiff is required to make a showing that there was an unauthorized access to Plaintiff's account that as a result of Defendant's failure to implement and maintain reasonable security procedures, resulted in a data breach in order to maintain a claim under the CCPA.  (ECF No. 3-1, at 10.)  Plaintiff does not allege that his information was part of a breach of data maintained by Defendant and thus Plaintiff's CCPA claim should be dismissed, according to Defendant.  (*Id.*)

To start, section 1798.82(a) is a provision of the CCRA, not the CCPA and Defendant does not point to any authority that would require Plaintiff to plead that there was a data breach.  Moreover, Plaintiff has sufficiently pled a violation of the CCPA.  Plaintiff claims that unknown individuals accessed information regarding his savings account as a result Defendant's failure to properly maintain Plaintiff's nonredacted and nonencrypted information. (ECF No. 1, at 3, 5.)  Based on these facts, and drawing all reasonable inferences in favor of Plaintiff, *Iqbal*, 556 U.S. at 678, Plaintiff's claim survives Defendant's Rule 12(b)(6) challenge.  Defendant's motion to dismiss Plaintiff's claim for violation of the CCPA is denied.

### C. Third Cause of Action—Negligence

Under California law, "[t]o prevail in an action for negligence, the plaintiff must demonstrate that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injuries." *John B. v. Superior Ct.*, 137 P.3d 153, 159 (2006). Defendant moves to dismiss Plaintiff's negligence claim on the grounds that the economic loss doctrine bars recovery for such a claim, and that Plaintiff has not shown causation. (ECF No. 3-1, at 10–11.)

"In general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage." *Sheen v. Wells Fargo Bank, N.A.*, 505 P.3d 625, 632 (2022). Here, Plaintiff has only alleged economic losses. Though Plaintiff claims to have suffered "emotional distress," conclusory allegations devoid of factual support like this are not enough to support a claim for non-economic damages. Plaintiff argues that the time he spent disputing and reporting the transaction is a non-economic injury. (ECF No. 4, at 6.) But merely alleging that he called the bank and disputed the transaction in person falls short of alleging facts that would support an award of non-economic damages. Additionally, Plaintiff does not present facts supporting an exception to the economic loss doctrine. Defendant's motion to dismiss Plaintiff's negligence claim is accordingly granted with leave to amend.

### D. Fourth Cause of Action—Violation of the EFTA

Plaintiff claims that Defendant violated the EFTA by failing to "make a good faith investigation of the alleged error," and by "knowingly and willfully conclud[ing] that [Plaintiff's] account was not in error when such conclusion could not reasonably have been drawn from the evidence available." 15 U.S.C. § 1693f(e). But to prevail on a claim under the EFTA, a plaintiff is required to report any alleged errors to a financial institution within sixty days of the date the institution sent written documentation first reflecting the error. 15 U.S.C. § 1693f(a). Plaintiff plainly alleges that he "immediately disputed the fraudulent transactions with Defendant" both on the phone and in person.

(ECF No. 1, at 4.)  There is no way for the Court to determine whether Plaintiff is entitled to relief under the EFTA based on these statements alone.  Notably, Plaintiff does not state if or when Defendant sent documentation first reflecting the alleged error or how soon after Plaintiff disputed the transactions.  Without a prima facie showing that Plaintiff meets the threshold requirements to subject Defendant to liability under the EFTA, Plaintiff's claim cannot stand.  Defendant's motion to dismiss Plaintiff's EFTA claim is granted with leave to amend.

### E. Fifth Cause of Action—Violation of the UCL

California's UCL is a broad statute that prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Important here, "the UCL provides only for equitable remedies."  *Hodge v. Superior Ct.*, 51 Cal. Rptr. 3d 519, 523 (Ct. App. 2006).  Accordingly, Plaintiff requests only equitable relief in the form of an injunction and restitution in connection with his UCL claim.  (ECF No. 1, at 7.)  Defendant maintains that Plaintiff's UCL claim fails because he is not entitled to either remedy.  (ECF No. 3-1, at 16.)  The Court agrees.

Plaintiff "must establish that [he] lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL."  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  Plaintiff does not allege inadequacy of legal remedies in his complaint.  Although Plaintiff is not precluded from asserting alternative forms of relief at the pleading stage, the question here is whether Plaintiff has stated a claim for violation of the UCL without satisfying the requirements to obtain equitable relief.  Under binding precedent, the answer is no.  *See Sonner*, 971 F.3d at 844 (holding that a district court did not err in dismissing the plaintiff's UCL claim where the operative complaint did not allege that the plaintiff lacked an adequate legal remedy).  Defendant's motion to dismiss Plaintiff's UCL claim is granted with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED with leave to amend** as to Plaintiff's first cause of action for violation of the CCRA, third cause of

action for negligence, fourth cause of action for violation of the EFTA, and fifth cause of action for violation of California's UCL.  Defendant's motion to dismiss is **DENIED** as to Plaintiff's second cause of action for violation of the CCPA.  Plaintiff shall file an amended complaint, if any, no later than **September 7, 2023**.

    **IT IS SO ORDERED.**

Dated:  August 17, 2023

                                                Hon. M. James Lorenz
                                                United States District Judge